UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRELL R. EWING, et al., | CASE NO. 2:22-cv-11453 |
|     *Plaintiffs*, | HON. SEAN F. COX |
| v. | DISTRICT JUDGE |
| WAYNE COUNTY SHERRIFF, et al., | HON. PATRICIA T. MORRIS MAGISTRATE JUDGE |
|     *Defendants*. | |
| _____/ | |

# REPORT AND RECOMMENDATION TO DISMISS JOHN DOE DEFENDANT AND GRANT PLAINTIFFS' MOTION TO DISMISS (ECF No. 73)

## I. RECOMMENDATION

For the following reasons, **I RECOMMEND** that the Court **DISMISS** the unidentified John Doe Defendant under Federal Rule of Civil Procedure 4(m) and **GRANT** Plaintiffs' motion to dismiss the John Doe Defendant.

## II. REPORT

### A. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. On May 16, 2023, Plaintiffs moved for leave to file their second amended complaint, adding claims against an unidentified "John Doe" defendant. (ECF No. 47; ECF No. 50,

1

PageID.298). Apparently overlooking that Plaintiffs had already amended their complaint once as a matter of course, (ECF No. 29, PageID.225), the Court denied their motion as moot, reasoning that Plaintiffs were not required to seek leave to amend their complaint. (ECF No. 59; text-only order Jul. 12, 2023; *see* ECF No. 60). The Court also issued a contemporaneous order directing the United States Marshal to "to serve the appropriate papers in this case on" the John Doe Defendant. (ECF No. 59).

Soon after, the Undersigned ordered Plaintiffs to identify the John Doe Defendant. (ECF No. 60, PageID.237–38). Plaintiffs were warned that if they failed to identify the unnamed Defendant by August 22, 2023, the Undersigned would issue in a Report and Recommendation ("R&R") recommending that the unidentified Defendant be dismissed. (*Id*. at PageID.118).

No Plaintiff has yet identified the John Doe Defendant. In fact, four of the Plaintiffs have not only admitted to being unable to identify the Doe Defendant, but have also moved the Court to dismiss that defendant from this action. (ECF No. 73, PageID.369–70, 372). In the same motion, these Plaintiffs also asked the Court to expedite its review of their motion for a preliminary injunction filed on May 24. (*Id.* at PageID.369–71).

## B. Analysis

Under Federal Rule of Civil Procedure 4(m), if a defendant has not been served with a summons and complaint "within [ninety] days after the complaint is filed," then the Court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." But "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Where, such as here, a plaintiff proceeds as a pauper, the court must order the U.S. Marshal Service to serve each defendant with a summons and a copy of the complaint on behalf of the plaintiff. E.D. Mich. LR 4.1(b); *see* 28 U.S.C. § 1915(d) (2018). A summons must name each party and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A)–(B). So for the court to issue a valid summons that it can provide to a Marshal for service, the plaintiff must first identify the defendant. *Whitaker v. Stamping*, 302 F.R.D. 138, 146 (E.D. Mich. 2014). Thus, while the Court is generally responsible for serving defendants in actions brought by *in forma pauperis* ("IFP") plaintiffs, the Court cannot issue summons for, or serve, a defendant that has not been named by the IFP plaintiff. *Lowe v. Dallas Police Dep't*, No. 3:17-cv-704, 2017 WL 4863076, at *9–10 (N.D. Tex. Oct. 17, 2017); *Wilson v. McKenna*, No. 3:12-cv-1581, at *7 (D. Conn. Mar. 31, 2015).

3

Although the Undersigned calculated the Plaintiffs' initial deadline to serve the John Doe Defendant under Rule 4(m) as August 22, Plaintiffs likely had until October 10 to identify the John Doe Defendant and effect service. The Court determined Plaintiffs' deadline for service from the date they filed their second amended complaint, but the Court did not indicate that it had accepted their second amended complaint until July 12, over a month after it had been filed. (ECF No. 59, PageID.325; ECF No. 60, PageID.327–28). Because Plaintiffs were not entitled to amend their complaint for a second time as a matter of course, their second amended complaint did not become the operative complaint until the Court accepted it on July 12, making October 10—ninety days from July 12—their deadline for service. *See Green v. Southfield*, No. 15-13479, 2016 WL 692529, at *3–4 (E.D. Mich. Feb. 22, 2016); Fed. R. Civ. P. 4(m). Further, several Courts have held that because IFP plaintiffs depend on the Court to effect service on their behalf, Rule 4(m)'s ninety-day window is tolled until the District Court issues summons and orders service. *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 459 (3d Cir.1996); *Nogales v. Burke*, No. 22-cv-702-MMA, 2022 WL 10146087, at *2 (S.D. Cal. Oct. 17, 2022). For this reason, too, Plaintiffs' ninety-day window to serve the John Doe defendant did not begin to run until July 12 when the Court directed the Marshal to serve the Defendants added in Plaintiffs' second amended complaint. (ECF No. 59).

Even so, Plaintiffs' deadline has expired. Because Plaintiffs did not identify the John Doe Defendant before even their October 10 deadline, the Court could not issue summons and the Marshal could not serve the Doe Defendant. What is more: not only have the Plaintiffs' failed to demonstrate good cause for their failure, but they have not advanced any argument for the Court to exercise its discretion to extend the deadline for service. *Wise v. Dep't of Def.*, 196 F.R.D. 52, 54–57 (S.D. Ohio 1999) (holding that absent good cause, courts have discretion under Rule 4(m) to either extend the deadline or dismiss the action without prejudice). In fact, four of the Plaintiffs have even moved the Court to dismiss the John Doe Defendant. *Cf. Muhammad v. Deutsche Bank Nat. Trust. Co.*, No. 1:17-CV-4330, 2018 WL 4474638, at *1 (N.D. Ga. June 5, 2018), *report & recommendation adopted by* 2018 WL 4473147 (N.D. Ga. Sept. 6, 2018) (declining to extend the deadline for service where the plaintiff consented to the dismissal of the unserved defendant); *Caudle v. Colandene*, No. 5:14cv00031, at *10 (W.D. Va. Feb. 27, 2015), *adopted in relevant part by* 115 F. Supp. 3d 713 (W.D. Va. June 30, 2015).

Because Plaintiffs have not identified the John Doe Defendant within Rule 4(m)'s deadline, and because they have provided the Court no reason to extend their deadline, the Court should dismiss their claims against the John Doe Defendant without prejudice and grant their motion to dismiss the John Doe Defendant (ECF

No. 73). *See* Fed. R. Civ. P. 4(m) (instructing that dismissals for failure to timely serve a defendant must be without prejudice).[1]

For these reasons, **I RECOMMEND** that the Court **DISMISS** the John Doe Defendant **WITHOUT PREJUDICE**.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v.*

---

[1] To the extent Plaintiffs' motion to dismiss the John Doe Defendant seeks expedited review of their motion for a preliminary injunction, the Court should deny this relief as well for the reasons stated in the Undersigned's previous order denying an identical motion to expedite. (ECF No. 84, PageID.468 (denying ECF No. 58)).

*Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 12, 2023　　　　　　　　　　s/ PATRICIA T. MORRIS
　　　　　　　　　　　　　　　　　　　　Patricia T. Morris
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge