UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO RICHARDS, | CASE NO. 2:24-cv-10180 |
| *Plaintiff,* | Sean F. Cox |
| v. | United States District Judge |
| WAYNE COUNTY SHERIFF, et al., | Patricia T. Morris |
| | United States Magistrate Judge |
| *Defendants.* | |
| _____ / | |

**REPORT AND RECOMMENDATION TO DISMISS CASE FOR PLAINTIFF'S FAILURE TO PROSECUTE**

I.  **RECOMMENDATION**

For the following reasons, **I RECOMMEND** that the Court **DISMISS** this case **WITHOUT PREJUDICE** for Plaintiff's failure to prosecute and comply with the Court's orders.

II. **REPORT**
    A.  **Background**

This is a civil rights action under 42 U.S.C. § 1983 brought by a group of eleven current and former Wayne County Jail inmates. (ECF No. 1, PageID.2–4). The plaintiffs filed their original complaint in June 2022, alleging that despite the waning severity of the COVID-19 pandemic, officials at the Wayne County Jail have lagged behind the rest of the world by failing to lift their COVID-19

restrictions. (*Id.* at PageID.5–8). Specifically, the Plaintiffs accuse the Jail of prohibiting in-person visitation, recreation, and access to "fresh air." (*Id.*) The Court later severed each Plaintiff's claims into separate actions. (ECF No. 147).

Before the Court severed Richards from his coplaintiffs, the Defendants filed a brief indicating that they had released him from their custody on December 7, 2023. (ECF No. 138-2, PageID.825). Since then, Richards has not participated in this matter, and an order mailed to his listed address has been returned as undeliverable. (ECF No. 139). On February 8, the Undersigned ordered Richards to show cause as to why his claims should not be dismissed for failure to prosecute and comply with court orders. (ECF No. 149). Although the Undersigned ordered Richards to respond to the order by February 22, he has so far failed to do so. (*Id.*)

    **B.**    **Analysis**

District courts may dismiss an action for a party's failure to prosecute or obey a court order—either on an opposing party's motion under Federal Rule of Civil Procedure 41(b), or on their own accord under their inherent powers. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962); *see also* E.D. Mich. LR 41.2 (providing that the court may dismiss a case where "the parties" take "no action for a reasonable time"). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-

supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)).

Courts in the Sixth Circuit consider four factors to determine whether a case should be dismissed with prejudice for want of prosecution:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir.2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)). The same factors apply to dismissals without prejudice, but are "greatly relaxed" in that context because dismissals without prejudice generally do not "deprive[]" plaintiffs of their "day in court." *Muncy v. G. C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004); *see also Allen v. Hutchison*, No. 21-6020, 2022 WL 16859533, at *2 (6th Cir. Nov. 8, 2022). These factors weigh in favor of Groom's dismissal.

To start, Richards's failure to update hiss address indicates "willfulness, bad faith, or fault." *Carpenter*, 723 F.3d at 704. To satisfy this factor, a movant must show a "'a clear record of delay or contumacious conduct.'" *Id.* (internal quotation marks omitted) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir.1997)). Contumacious conduct, in turn, describes "behavior that is perverse in resisting

authority and stubbornly disobedient." *Id.* at 704–05.  The party's conduct must "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Wu v. T.W Wang, Inc.*, 420 F.3d 641, 643 (6th Cir.2005).  Or, put differently, the violating party must have displayed a "conscious and intentional failure to comply with the court order." *Bass v. Jostenc, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).

Richards's conduct here demonstrates an intentional failure to prosecute this action.  Local Rule 11.2 requires all litigants to provide their current contact information to the Court.   E.D. Mich. LR 11.2.  If that information changes, the party must "promptly" update its contact information to avoid sanctions which may include "dismissal" or "default judgment . . . ." *Id.*  The Court also mailed Richards a reminder of this obligation on July 13, 2022.  (ECF No. 11).  Thus, Richards had been on notice of his obligation to update his address for almost fifteen months at the time of his release, and he has had almost three months to update his address following his release.

This alone demonstrates a willful failure to both prosecute his claims and comply with court orders.  *See Ingle v. Shelby Cty.*, No. 2:19-cv-02080, 2021 WL 3500972, at *2 (W.D. Tenn. Aug. 9, 2021); *cf. Widner v. Stone*, No. 7:21-CV-00058, 2022 WL 4298125, at *1 (E.D. Ky. Aug. 31, 2022); *Spring v. Richardson*, No. 2:21-CV-7, 2022 WL 2079347, at *1 (E.D. Ky. May 18, 2021), *report & recommendation*

*adopted by* 2022 WL 6330862 (E.D. Ky. Oct. 5, 2022). Yet Richards's failure to update his contact information is not the only example of his failure to prosecute this action. Indeed, Richards has not appeared in this action since his release. At bottom, Richards has demonstrated a willful failure to prosecute this action. *See Schaap v. Ally Fin., Inc.*, No. 22-10596, 2022 WL 3035990, at *2 (E.D. Mich. Aug. 1, 2022).

That willful failure burdens both the Defendants and this Court. Without a current address, the Defendants cannot conduct discovery or pursue settlement negotiations. *Id.* And besides these strategic difficulties, it asks much of the Defendants that they expend time and resources defending themselves against claims the opposing party is uninterested in pursuing. *See White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008). So too, Richards's failure to update his address prevents the Court from administering this action and clogs the Court's docket with ostensibly abandoned claims. *Knoll*, 176 F.3d at 363; *Wilson v. Brone*, No. 22-cv-11337, 2023 U.S. Dist. LEXIS 121788, at *2 (E.D. Mich. July 14, 2023).

Further, Richards was warned by both the Court's local rules and its July 2022 order that the failure to keep his contact information up to date could result in dismissal. And the Court attempted to warn the Richards of this possibility again in January when it ordered him to show cause as to why his claims should not be dismissed for failure to prosecute.

Finally, while dismissal without prejudice is a weighty sanction, it is the mildest sanction that would be effective here. *Lucas v. Farley*, No. 0:22-CV-10, 2022 WL 4126656, at *3 (E.D. Ky. Aug. 4, 2022); s*ee FDIC v. Conner*, 20 F.3d 1376, 1383 (5th Cir. 1994) (explaining that sanctions for violating a court order should be tailored so that they are no harsher than necessary); *Pepin v. Wisconsin Central Ltd.*, No. 2:19-cv-42, 2021 WL 5606974, at *5 (W.D. Mich. July 26, 2021) ("The Sixth Circuit has held that a district court should take '"measured" and "gradual" steps' to the ultimate sanction of dismissal.") (quoting *Freeland*, 103 F.3d at 1280). Indeed, a dismissal without prejudice would allow Richards to return to this Court with the "same underlying claim[s]." *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

### C. Conclusion

For these reasons, **I RECOMMEND** that the Court **DISMISS** this case **WITHOUT PREJUDICE**.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. §

636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 29, 2024  S/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge